IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| GORDON & CENTRACCHIO LLC, on behalf of itself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) Case No. 1:22-cv-01718 ) |
| v. | ) Hon. Franklin U. Valderrama ) ) |
| CIOX HEALTH | ) ) |
| Defendant. | ) ) |

**FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiff Gordon & Centracchio LLC ("Plaintiff") brings this class action under Illinois law against Defendant Ciox Health, alleging that Defendant is engaged in a practice of consistently and repeatedly overcharging individuals and entities – including patients, attorneys, and health care practitioners, for providing copies of patient medical records, in violation of the Illinois Inspection of Hospital Records Act, 735 ILCS 5/8–2001. As outlined in greater detail herein, Ciox Health ("Defendant" or "Ciox") charged putative Class embers fees for copies of such records which exceeded the maximum limits on such fees allowed by Illinois law. Accordingly, Plaintiff, individually and on behalf of the putative Class, brings causes of action for: (1) a declaration, under the Illinois Declaratory Judgment Act, that Defendant's charges violated the Hospital Records Act; (2) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act; (3) breach of contract and the implied covenant of good faith and fair dealing; (4) conversion; (5) unjust enrichment.

**JURISDICTION AND VENUE**

1. All allegations in this Complaint are incorporated by reference and alleged herein.

2. No federal question is presented by this complaint. Plaintiff brings this complaint solely under state law and not under federal law, and specifically not under the United States Constitution, nor any of its amendments, nor under 42 U.S.C. § 1981 or 1982, nor any other federal statute, law, rule, or regulation. Plaintiff believes and alleges that a cause of action exists under state law for the conduct complained of herein.

3. This Court has original jurisdiction over all causes of action asserted herein under the Class Action Fairness Act, 28 U.S.C. §1332(d)(2), because the matter in controversy exceeds the sum or value or $5,000,000 exclusive of interest and costs and more than two-thirds of the Class resides in states other than the state in which Defendant is a citizen and in which this case is filed, and therefore any exemptions to jurisdiction under 28 U.S.C. §1332(d)(2) do not apply.

4. This Court has personal jurisdiction over Defendant because Defendant is present in Illinois, conducts business in this state, and the cause or causes of action arose in Illinois.

5. This Court has personal jurisdiction over Defendant because Defendant routinely and systematically conducts business in this District, earned fees in this District related to the specific transactions at issue, and participated in the alleged actionable conduct that occurred in this District.

6. Venue is proper in this District because a substantial part of the events or omissions giving rise to the claim occurred here. *See* 28 U.S.C. § 1339(b)(2).

## PARTIES

7. Plaintiff Gordon & Centracchio LLC is a law firm located in Chicago, Illinois. Each member of Gordon & Centracchio LLC is a resident of the State of Illinois.

8. Defendant Ciox Health is a corporation organized and existing under the laws of the State of Georgia, with its headquarters and principal place of business at 925 North Point

Parkway, Alpharetta, Georgia 30005.

## FACTUAL BACKGROUND

I. **CIOX's Practice of Overcharging for Medical Records**

9. Ciox is a healthcare information management company which provides medical record storage and management services to, *inter alia*, hospitals.

10. Ciox itself is not a health care provider, but rather is an entity that contracts with health care providers and practitioners to store and manage medical records relating to the provider's patients and to deliver copies of records to purchasers upon request.

11. Among the duties Ciox assumes is the duty to respond to requests for copies of patient's records made by, for example, personal injury attorneys in civil actions, insurance companies, government entities, and the patients themselves.

12. Upon information and belief, pursuant to its agreements with Illinois health care providers and practitioners, Ciox becomes the exclusive provider of copies of patient medical records generated by that provider/practitioner. Thus, if a requester wants copies of a patient's records from that particular provider/practitioner, he or she must obtain them from Ciox.

13. Such records are often of critical importance, and time is of the essence in receiving them. For example, Plaintiff, a law firm specializing in representing injured plaintiffs, must obtain these records in order to pursue legal claims on behalf of its injured clients and typically cannot proceed with the suit without obtaining client medical records.

14. Ciox charges fees to such requesters whenever Ciox provides them with copies of patient records.

15. The fees charged by Ciox for such copies are determined by Ciox and such fees are paid directly to Ciox and retained by Ciox.

16. Illinois state law limits, and at all relevant times has limited, the fees which a records provider may charge for providing copies of patient records.

17. Specifically, the Hospital Records Act, 735 ILCS 5/8-2001 ("HRA"), states that records providers like Defendant shall:

> [U]pon the request of any patient . . . or any person, entity, or organization presenting a valid authorization for the release of records signed by the patient or the patient's legally authorized representative, permit the patient and the patient's health care practitioner or authorized attorney, or any person, entity, or organization presenting a valid authorization for the release of records signed by the patient or the patient's legally authorized representative, to examine and copy the patient's records, including but not limited to those relating to the diagnosis, treatment, prognosis, history, charts, pictures and plates, kept in connection with the treatment of such patient.

18. The HRA goes on to set maximum limits on the fees providers may charge for these records:

> The person (including patients, health care practitioners and attorneys) requesting copies of records shall reimburse the facility or the health care practitioner at the time of such copying for all reasonable expenses, including the costs of independent copy service companies, incurred in connection with such copying ***not to exceed a $20[1] handling charge for processing the request*** and the actual postage or shipping charge, if any, plus: (1) for paper copies 75 cents per page for the first through 25th pages, 50 cents per page for the 26th through 50th pages, and 25 cents per page for all pages in excess of 50 (except that the charge shall not exceed $1.25 per page for any copies made from microfiche or microfilm; records retrieved from scanning, digital imaging, electronic information or other digital format do not qualify as microfiche or microfilm retrieval for purposes of calculating charges); and (2) for electronic records, retrieved from a scanning, digital imaging, electronic information or other digital format in an electronic document, a charge of 50% of the per page charge for paper copies under subdivision (d)(1).

---

[1] The Illinois Comptroller has since adjusted this amount to $29.48. *See* https://illinoiscomptroller.gov/agencies/resource-library/statutorily-required/copying-fees-adjustments/ (last visited February 25, 2022).

735 ILCS 5/8-2001(d).

19. The plain language of the statute permits a single handling charge of $20 per request. "Records" in this context is defined broadly, and without limitation, as "including *but not limited to* those relating to the diagnosis, treatment, prognosis, history, charts, pictures and plates, kept in connection with the treatment of such patient" (emphasis added).

20. Notwithstanding this language, Defendant engages in a policy or practice of assessing *multiple* handling charges for a single records request. Defendant does this by breaking a single request for records into two or more separate, independent requests and then imposing a distinct handling charge for each, in violation of the HRA. Specifically, Defendant, *inter alia*, will respond to a request asking both for "medical records" and "medical bills" by providing the medical records only, requiring the customer to then make a second request for the bills, for which the customer is invoiced a billed a second handling charge.

## II. Plaintiff's Experience

21. Defendant has repeatedly charged Plaintiff fees in excess of what the HRA permits.

22. For example, on March 30, 2021, Plaintiff submitted a request for the records and bills of one of its personal injury clients to the Advocate Illinois Masonic Medical Center in Chicago. *See* **Ex. A**. In response to this single request, Defendant provided Plaintiff only with the requested medical records, requiring Plaintiff to then send a follow-up request for the bills. After providing the bills in response to Plaintiff's second, follow-up request, Defendant then presented Plaintiff with two separate invoices, one for medical records and one for medical bills. *See* **Exs. B** and **C**. Each of these invoices included its own handling charge.

23. Defendant has provided Plaintiff with incomplete responses to Plaintiff's requests, providing only medical records when both medical records and medical bills were requested. This

5

is another way in which Defendant forces Plaintiff and members of the putative Class to pay excessive and unlawful fees. Due to the incomplete response, Plaintiff is thus forced to submit another request for the medical bills, again incurring another handling fee.

24. For example, on August 23, 2021, Plaintiff submitted a request for "**ALL MEDICAL RECORDS AND BILLS**" (emphasis in original) for another of its personal injury clients. *See* **Ex. D**. In response to this request, Defendant provided Plaintiff with the client's medical records, and the invoice for those records. *See* **Ex. E**. Defendant did not provide Plaintiff with its client's medical bills, presumably requiring Plaintiff to submit another request for the bills, causing Defendant to generate another invoice, with handling charge included, for the same request.

25. Also, on October 5, 2021, Plaintiff submitted a request to for its client's "**medical records** and **itemized statement [of medical] charges** (emphasis in original)." *See* **Ex. F**. Again, Plaintiff only received client medical records from Defendant, **Ex. G**, requiring Plaintiff to submit another request, and pay another handling fee, for client's medical bills. Plaintiff paid the invoice in order to receive the records necessary to prosecute its client's case.

26. Similarly, Plaintiff submitted a request for another client's medical records and bills to Defendant on June 29, 2020. In response, Defendant sent Plaintiff two separate invoices, one for the records and one for the bills. *See* **Exs. H** and **I**. Plaintiff paid these invoices in order to receive the records necessary to prosecute its client's case.

27. Defendant has assessed similarly unlawful charges on Plaintiff on other occasions during the relevant statute(s) of limitations.

28. Defendant had no legal basis on which to double-charge Plaintiff for these requests. Because both "medical records" and "medical bills" constitute "patient records" under the HRA,

6

Defendant was statutorily precluded from charging multiple handling fees for this single records request.

29. In addition to the multiple handling fees, Defendant's practice of separating each of Plaintiff's requests into multiple requests is also precluded by the HRA because Defendant charges more per page than allowed under the HRA. By splitting up Plaintiff's various requests into multiple requests and "resetting" the number of pages it provides, Defendant wrongly bills some of the records at a higher rate than it is otherwise allowed to bill. For example, under Defendant's wrongful practice, it may treat fifty pages of records as being provided pursuant to "two" requests instead of one, thus applying the highest charge allowed for pages 1-25 for all fifty pages.

30. Defendant was aware at all relevant times of these statutory limits on the fees it is lawfully permitted to charge. For example, on its website Defendant states that in addition to being compliant with HIPAA and its regulations, "... [Ciox] monitors...federal and state regulations to develop compliant policies, procedures, and technology."[2]

## COMMON CLASS ALLEGATIONS

31. All preceding allegations in this Complaint are incorporated by reference and alleged fully herein.

32. Pursuant to Fed. R. Civ. P. 23, Plaintiff brings this action individually and on behalf of the following Class:

> All natural persons or entities who, within the applicable statute of limitations: (1) paid a fee to Defendant for patient medical records in excess of the statutory maximum set forth in 735 ILCS 5/8-2001; and/or (2) paid multiple records request fees to Defendant relating to a single records request.

---

[2] https://www.cioxhealth.com/about-us/compliance/ (last visited February 25, 2022).

Excluded from the Class are: (a) any Judge or judicial officer presiding over this action and members of their families; and (b) Defendant and any entity in which Defendant has a controlling interest and their legal representatives.

31. <u>Numerosity</u>: The members of the proposed Class are so numerous that joinder of all is impractical. Upon information and belief, the names and addresses of the putative Class Members are readily identifiable through business records kept by Defendant. Members of the proposed Class include hundreds, if not thousands of individuals who have been charged unlawfully for patient records.

32. <u>Commonality</u>: All questions concerning Defendant's fees are common. Whether Defendant may lawfully charge fees in excess of that authorized by the Hospital Records Act is a question that is common for all members of the putative Class.

33. <u>Typicality</u>: The claims of the Plaintiff are typical of the claims of the proposed Class, which are all based on the same facts and legal theories as all such claims arise out of Defendant's conduct of charging and collecting unlawful fees in violation of Illinois law.

34. <u>Adequate Representation</u>: Plaintiff is an adequate representative of the class in that Plaintiff does not have antagonistic or conflicting claims with other members of the putative Class. Plaintiff has retained counsel experienced in the prosecution of complex class actions and consumer litigation. Neither Plaintiff nor its counsel have any interests that might cause them not to vigorously pursue this action. Plaintiff is aware of its responsibility to the putative class and has accepted such responsibilities.

35. <u>Predominance</u>: Common questions of law and fact predominate over any individual issues that may be presented, because Defendant has a pattern, practice, and policy of overcharging for medical records. These questions include but are not limited to: (1) whether Defendant's

conduct violated 735 ILCS 5/2-801; (2) whether Defendant's conduct amounts to unfair conduct under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/1, *et. seq.*; (3) whether Defendant is liable to the Class for breach of the covenant of good faith and fair dealing; (4) whether Defendant is liable to the Class for conversion; (5) whether Defendant is liable for attorney fees and costs; and (6) whether the Defendant's persistent and longstanding pattern of overcharging for notary fees warrants implementation of declaratory and injunctive relief, and if so the nature and content of the relief;

36. <u>Superiority</u>: A class action is superior to all other available methods for fair and efficient adjudication of this controversy. Plaintiff anticipates no difficulty in managing and maintaining this action as a class action. In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single court. Plaintiff further alleges that certification of the classes is appropriate in that class treatment will permit the adjudication of relatively small claims by many putative Class Members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a class action, Class Members will continue to suffer losses of statutorily protected rights as well as monetary damages, and if Defendant's conduct continues to proceed without remedy, it will continue to reap and retain the proceeds of its ill-gotten gains.

37. Further, Defendant has acted and refused to act on grounds generally applicable to the proposed class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION
### Illinois Declaratory Judgment Act, 735 ILCS 5/2-701

38. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

39. Plaintiff and the Class require, and are entitled to, a declaration that Ciox Health's billing policies alleged herein were and are unlawful and that Ciox was and is barred by law from charging members of the putative Class more than once for a single records request, in violation of the HRA.

40. Plaintiff and members of the putative Class have a significant interest in this matter in that each has been and/or will continue to be subjected to the unlawful policies alleged herein absent a declaration of their rights.

41. A justifiable controversy is presented in this case, rendering a declaratory judgment applicable.

## SECOND CAUSE OF ACTION
### Violation of Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/1, *et seq.*

42. All paragraphs of this Complaint are incorporated herein as if fully reinstated.

43. Plaintiff and the putative class bring this action pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/1, et seq. ("ICFA") based on Defendant's unfair and unlawful fees for providing patient medical records.

44. The term "merchandise" under Section 1(b) is defined as including "any objects, wares, goods, commodities, intangibles, real estate situated outside the State of Illinois, or services." (Emphasis added.)

45. Defendant's record services, and the actual records it provides, are "merchandise" as defined by Section 1(b) because they were services offered directly to the public for sale.

46. Section 2 of ICFA states:

10

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5(a) of the Federal Trade Commission Act.

47. Defendant violated Section 2 of ICFA by (a) selling its merchandise, patient medical records and its services in providing same, in excess of the legal amounts as authorized by 735 ILCS 5/8-2001; and (b) falsely stating or omitting to inform Plaintiff and members of the putative Class what the permissible charge is for its services under prescribed Illinois law.

48. The HRA is express and unambiguous as to what amounts can be legally charged for providing patient medical records and Defendant violated this law. Such acts are inherently unfair.

49. Defendant also describes the fees it charges in an inherently vague or ambiguous way in order to confuse patients and others requesting records into believing that they are being charged for important services provided when they are not. Upon information and belief, Defendant engages in a pattern or practice of charging Plaintiff and the Class for expenses not actually incurred.

50. Defendant's unfair acts and practices are continuing.

51. Defendant, at all relevant times had knowledge of these state statutory fee limits under the HRA.

52. Defendant intended for Plaintiff and members of the putative Class to rely on their

11

wrongful and misleading pricing information, causing them to overpay for said services, and Plaintiff and Class members did in fact reasonably rely on Defendant to charge fees in an amount that is legal under the law of Illinois.

53. Defendant's conduct in overcharging Plaintiff and members of the putative Class despite the HRA's unambiguous language is particularly egregious when many Class Members, including Plaintiff, require these records in connection with efforts to receive compensation for the patient's injuries. Like Plaintiff, many putative Class Members have no choice but to pay the unlawful charges because, even if disclosed, receipt of medical records is necessary.

54. Had Defendant not overcharged Plaintiff and putative Class Members for these services, or had Defendant not concealed that they were charging Plaintiff and putative Class Members in violation of Illinois law, Plaintiff and putative Class Members would not have paid more than the legal limit for such services, absent compulsion.

55. Plaintiff and the putative Class members were misled by Defendant when Defendant charged a fee amount that exceeded the legal limit.

56. Plaintiff and members of the putative Class have suffered damages and ascertainable losses as a result of Defendant's respective intentional and unfair practices.

57. Because Plaintiff and the Class Members suffered damage as a result of Defendant's misleading, unfair, and unconscionable practices set forth above, Plaintiff and Class Members are entitled to punitive damages, reasonable attorneys' fees, and costs.

## THIRD CAUSE OF ACTION
**Breach of Contract and the Covenant of Good Faith and Fair Dealing**

58. Plaintiff repeats, realleges, and incorporates by reference the preceding paragraphs as if fully set forth herein.

59. Plaintiff and members of the putative Class, on the one hand, and Defendant, on the other, entered into agreements whereby Defendant would provide medical records to Plaintiff and the Class Members, and Plaintiff and the Class Members would pay Defendant for those services. Defendant's charges for these services were set forth in written invoices provided to Plaintiff and the Class Members.

60. Illinois mandates that an implied covenant of good faith and fair dealing govern every contract.

61. This good faith requirement extends to the manner in which a party employs discretion conferred by a contract.

62. Good faith and fair dealing, in connection with executing contracts and discharging performance and other duties according to their terms, means preserving the spirit—not merely the letter—of the bargain. Put differently, the parties to a contract are mutually obligated to comply with the substance of their contract in addition to its form. Evading the spirit of the bargain and abusing the power to specify terms constitute examples of bad faith in the performance of contracts.

63. Subterfuge and evasion violate the obligation of good faith in performance even when an actor believes her conduct to be justified. A lack of good faith may be overt or may consist of inaction, and fair dealing may require more than honesty. Other examples of violations of good faith and fair dealing are willful rendering of imperfect performance, abuse of a power to specify terms, and interference with or failure to cooperate in the other party's performance.

64. Defendant breached the covenant of good faith and fair dealing as explained herein; namely, by taking advantage of Plaintiff and Class Members who need their records by knowingly and improperly charging fees in excess of what the law allows.

65. Each of Defendant's actions was done in bad faith and was arbitrary and capricious.

66. Plaintiff and members of the putative Class have performed any and all of the obligations imposed on them by the parties' agreement.

67. Plaintiff and members of the putative Class have sustained monetary damages as a result of each of Defendant's breaches of the covenant of good faith and fair dealing.

## FOURTH CAUSE OF ACTION
### Conversion/Misappropriation

68. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

69. At all times relevant herein, Plaintiff and putative Class Members had a property interest in their money, including monies paid to Defendant for patient medical records.

70. Defendant, by its wrongful acts, interfered with Plaintiff's and putative Class Members' property interests in their money by forcing Plaintiff and the putative Class Members to pay fees which are not permitted by law.

71. Defendant had no authority to charge Plaintiff and putative Class Members fees in excess of those allowed under the HRA for providing patient medical records.

72. As described above, Defendant's collection of these excess fees converted the funds rightfully belonging to Plaintiff and the putative Class Members without their consent.

73. The conversion of this money was illegal, unjustified, outrageous, and intentional, insofar as it is believed and therefore averred that at all times relevant herein, Defendant has had actual or constructive knowledge that these excess fees violated Illinois law.

74. Alternatively, if the conversion was not deliberate, it was the result of Defendant's recklessness and gross neglect.

75. The conversion of Plaintiff's and putative Class Members' money benefitted and continues to benefit Defendant, while acting to the severe pecuniary disadvantage of Plaintiff and

members of the putative Class.

76. As a result of the conversion, Plaintiff and the putative Class Members suffered actual injury and loss in amounts that are capable of identification through Defendant's records.

### FIFTH CAUSE OF ACTION
### Unjust Enrichment

77. Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

78. Substantial benefits have been conferred on Defendant by Plaintiff and the Class though the continued payment of fees in excess of those allowed under the HRA for providing patient medical records. Defendant knowingly and willingly accepted and enjoyed these benefits.

79. Defendant either knew or should have known that the payments rendered by Plaintiff were in excess of those allowed under the HRA. As such, it is inequitable for Defendant to retain the benefit of the payments under these circumstances.

80. Defendant's acceptance and retention of these benefits under the circumstances alleged herein make it inequitable for Defendant to retain the benefits without payment of the value to Plaintiff and the Class.

81. Plaintiff and the Class are entitled to recover from Defendant all amounts wrongfully collected and improperly retained by Defendants, plus interest thereon.

82. Plaintiff and the Class seek actual damages, injunctive and declaratory relief, attorneys' fees, costs, and any other just and proper relief available under the law.

### PRAYER

WHEREFORE, Plaintiff, on its own behalf and on behalf of the putative Class, prays for judgment as follows:

a. An Order certifying the proposed Class, naming Plaintiff as the representative of the Class, and designating counsel for Plaintiff as Class counsel;

b. An Order enjoining Defendant from continuing to engage in the unlawful practices alleged herein;

c. An Order awarding Plaintiff and the putative Class Members restitution, or other equitable relief as the Court deems just and proper;

d. An Order awarding Plaintiff and the putative Class Members payment of costs and reasonable attorneys' fees, including expert witness fees;

e. An Order awarding Plaintiff and the putative Class Members pre-judgment and post-judgment interest; and

f. An Order awarding such other additional or alternative relief as the Court finds just and proper.

Dated: May 25, 2022                  Respectfully Submitted,

*/s/ Kyle Shamberg*
Katrina Carroll
katrina@lcllp.com
Kyle A. Shamberg
kyle@lcllp.com
Nicholas R. Lange
nickl@lcllp.com
**LYNCH CARPENTER, LLP**
111 W. Washington Street, Suite 1240
Chicago, Illinois 60602
Telephone: (312) 750-1265

***Attorneys for Plaintiff and the Putative Class***

16